UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

UNITED STATES OF AMERICA                                                                    Plaintiff

v.                                                                        Criminal Action No. 4:21-CR-39-1

LUTHER O. BURTON                                                                           Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendant Luther Burton ("Burton") moves to reduce his sentence under 18 U.S.C. § 3582(c)(2) for retroactive application of Part A of Amendment 821 of the Federal Sentencing Guidelines. [DE 37]. In addition, Burton requests appointment of counsel. [DE 38]. For the reasons below, the Court **DENIES** Burton's motion for sentence reduction under 18 U.S.C. § 3582(c)(2) as set forth below.

### I.      BACKGROUND

On September 28, 2023, Burton pleaded guilty to Count 1 of a two-count Indictment pursuant to a written Rule 11(c)(1)(C) plea agreement. [DE 28 at 92, ¶5]. Count 1 of the Indictment charged that on or about "September 28, 2021, in the Western District of Kentucky, Ohio County, Kentucky, Luther O. Burton, knowingly and intentionally possessed with the intent to distribute 50 grams or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii)." *Id.* ¶2. On February 8, 2024, after Amendment 821 became effective, this Court sentenced Burton to 135 months in custody and dismissed Count 2 on motion of the United States. [DE 35 at 131; 133].

Burton now moves pro se for a reduction in sentence under Amendment 821. [DE 37].

## II.     ANALYSIS

<u>Motion for Retroactive Application of Amendment 821 [DE 37]</u>

On April 27, 2023, the United States Sentencing Commission ("USSC") submitted to Congress Amendment 821, which became effective November 1, 2023. Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then United States Sentencing Guideline ("U.S.S.G.") § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

Deciding a motion for retroactive application of Amendment 821 under 18 U.S.C. § 3582(c)(2) requires two steps. First, the Court determines whether the defendant is eligible for relief under the amendment, and then it must consider whether reducing the sentence is supported by the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing § 3582(c)(2)). Even if a reduction is authorized under § 1B1.10 of the Guidelines, the Court must determine whether consideration of the 18 U.S.C. § 3553(a) factors indicate a reduction is warranted. *Id.* at 826. "[D]istrict courts are empowered to provide process and to consider resentencing factors as they see fit." *United States v. Boulding*, 960 F.3d 774, 783 (6th Cir. 2020). While the District Court must consider "all [of] the . . . factors," it has "discretion [to] plac[e] more 'weight on one factor' because the particular facts in [a] case warrant[ ] doing so." *United States v. Adkins*, 729 F.3d 559, 572 (6th Cir. 2013) (citation omitted). "While a district court need not

explicitly . . . recite a list of [the § 3553(a)] factors, it must provide a reasoned explanation for its choice of sentence [that is] sufficiently thorough to permit meaningful appellate review." *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006).

Burton is not eligible for a reduction in status points because he was sentenced after the effective date of Amendment 821 and the terms of the Amendment were already applied to his sentence. Burton had an initial criminal history score of 12 before adding 1 status point, for a total criminal history score of 13, which is a criminal history category of VI. [DE 28, at 106, ¶¶49-51]. And because Burton is a career offender, his criminal history category is VI. [*Id.*] Part A of Amendment 821 was already applied to Burton's "status points" because he had seven or more criminal history points he received only one status point, instead of the two he would have received prior to the Amendments. Moreover, because Burton is a career offender, his criminal history score would still be VI, and his guideline range would remain undisturbed even if the Amendment had not already been applied. Thus, he is not eligible for a reduction under Part A of Amendment 821. *United States v. Baker*, No. 1:11-cr-56, 2024 WL 3639658, at *2 (W.D. Mich. Aug. 2, 2024) (denying a sentence reduction under Part A, Amendment 821, to career offender because the "amended guidelines concerning status points do not affect the calculation of his sentence" (collecting cases)).

Because Burton is ineligible for relief under the amendment, the Court need not reach the second step of the analysis, weighing the sentencing factors in § 3553(a).

Motion for Appointment of Counsel [DE 38]

Burton requests appointment of counsel. [DE 38]. There is no entitlement to appointment of counsel post-trial, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), including proceedings under 18 U.S.C. § 3582(c). *See United States v. Prater*, No. 7:15-11-DCR-3, 2020 U.S. Dist.

LEXIS 90385, at *3 (E.D. Ky. May 22, 2020); *United States v. Amelia*, No. 1:17-CR-122-01, 2024 WL 1908961, at *2 (W.D. Mich. May 1, 2024) (citing *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009)). A district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising discretion on whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

Upon review, the Court finds that the issues involved in seeking an 821 Amendment are not complex or beyond the capability of an ordinary *pro se* litigant and that Defendant's filing reflects his ability to present his claims to this Court. The motion for appointment of counsel will therefore be denied. *United States v. Schliebener*, No. 3:16-CR-134-CRS, 2020 WL 3862246, at *4 (W.D. Ky. July 8, 2020).

### III. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** that Defendant's pro se motion to reduce sentence under Amendment 821 and motion to appoint counsel [DE 37; DE 38] are **DENIED**.

December 2, 2024

Rebecca Grady Jennings, District Judge
United States District Court

Cc: Defendant, pro se